IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

STEPHEN W. SHIPMAN,

    Plaintiff,

vs.                              CASE NO. 5:11-cv-346/RS-GRJ

ROYAL AMERICAN MANAGEMENT
INC., et al.,

    Defendants.
_____/

## ORDER

Before me are Defendants' Motions to Dismiss, or in the alternative Motion for Final Summary Judgment (Docs. 35) and Plaintiff's Memorandum in Opposition (Doc. 46).

### Standard of Review

To survive a motion to dismiss, a complaint must contain sufficient facts, which accepted as true, state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569, 127 S. Ct. 1955, 1974 (2007). Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984). In making this determination, the court must accept all factual allegations in the complaint as true and in the light most favorable to Plaintiff. *Christopher v. Harbury*, 536 U.S. 403, 406, 122 S. Ct. 2179, 2182 (2003).

**Background**

Plaintiff is a former employee of Defendant Royal American Management ("RAM"). Plaintiff worked from RAM from 1985 through 2005. While employed, Plaintiff participated in an ERISA-covered life insurance policy. In 2004, Plaintiff was diagnosed with congestive heart failure and decided to retire based upon disability. (Doc. 24, p. 10-11). Before his employment terminated, Plaintiff had a series of meetings with representatives of RAM and Defendant Peoples First Properties ("PFP"), related entities, concerning benefits under the ERISA-covered plan after his employment terminated. Those representatives told Plaintiff that the "premium waiver provisions" would result in the policy continuing "in full force and effect into his disability-retirement." *Id*. at 12. Plaintiff's last day as an employee of RAM was February 22, 2005. The life insurance policies were cancelled shortly thereafter. *Id*. at 13. Plaintiff alleges that Defendant UNUM sent Plaintiff a letter, which Plaintiff did not receive, which announced that the policy was cancelled because the he was not eligible for the premium waiver. *Id*. at *14*. Plaintiff first found out that he was not covered by the policy in late 2008 when he contacted his former employer to update beneficiary information. *Id*. at 16.

**Preemption**

ERISA "supersede[s] any and all State law insofar as they . . . relate to any employee benefit plan." 29 U.S.C. § 1144.[1] "ERISA preemption has an 'expansive sweep' and is not limited to state laws designed specifically to affect employee benefit

---

[1] Plaintiff does not argue that ERISA's savings clause, § 514(b)(2)(A), as set forth in 29 U. S. C. § 1144(b)(2)(A), is applicable here. It is therefore not discussed.

plans." *Blue Cross & Blue Shield v. Sanders*, 138 F.3d 1347, 1355 (11th Cir. 1998) (*citing Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987)). "Whether a claim relates to a plan and is thereby preempted by ERISA is ultimately a question of congressional intent." *Jones v. LMR Int'l, Inc.*, 457 F.3d 1174, 1179 (11th Cir. 2006) (*citing N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 655 (1995). "Because the 'relate to' test is of limited utility, we must go beyond the unhelpful text and the frustrating difficulty of defining its key term, and look instead to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive." *Id.* (citation omitted) (punctuation altered).

Plaintiff asserts that his three common law claims against RAM – promissory estoppel, breach of fiduciary duty, and negligence – are not preempted by ERISA because they do not "relate to" the plan. Rather, Plaintiff asserts that the claims arise out of Defendant's "role as Plaintiff's employer, based on its role as a communicator/ deliverer of a promise, and/or based on its having assumed such duties voluntarily." (Doc. 46, p.4). Plaintiff is mistaken.

As an initial matter, "ERISA entities are the employer, the plan, the plan fiduciaries, and the beneficiaries under the plan." *See Morstein v. National Ins. Servs.*, 93 F.3d 715, 722 (11th Cir. 1996) (en banc). Therefore, it is within the scope of ERISA to preempt actions against Plaintiff's former employer, Defendant Royal American Management. Plaintiff's claim is that RAM improperly communicated to Plaintiff that the plan would continue, and that the premium waiver was effective, for the duration of his retirement-disability. This crux of this claim is the improper denial of insurance

coverage. This type of claim centers on the interpretation of the policy, and whether RAM properly or improperly made representations about the policy. While the claims may arise out of the employee-employer relationship, they are related to the plan. They are, thus, preempted by ERISA. *See also Lee v. Blue Cross/Blue Shield*, 10 F.3d 1547, 1551, n.4 (11th Cir. 1994) (*citing Nachwalter v. Christie*, 805 F.2d 956 (11th Cir.1986) ("ERISA preempts state common law doctrines such as estoppel.")).

I do not discuss Defendant's statute of limitations defense as it relates to Plaintiff's common law claims because I find those claims preempted by ERISA.

**Exhaustion**

"The law is clear in this circuit that plaintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court." *Lanfear v. Home Depot, Inc.*, 536 F.3d 1217, 1223-1224 (11th Cir. 2008) (*citing Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1328 (11th Cir. 2006). Plaintiff is now "taking the steps" to appeal the decision to deny premium waivers. (Doc. 24, ¶22). Plaintiff asserts that this step is not necessary because Defendants are estopped to assert administrative exhaustion. They have not cited any case law on point. However, district courts have discretion to excuse the exhaustion requirement when resort to administrative remedies would be futile or the remedy inadequate. *Counts v. American Gen. Life & Accident Ins. Co.*, 111 F.3d 105, 108 (11th Cir. 1997). I do not intend to excuse the administrative exhaustion requirement. However, I may stay this case pending resolution of that matter.

**IT IS ORDERED**:

1. The Motion to Dismiss (Doc. 35) is **GRANTED, in part**, and **DENIED, in part**.

2. Count II, Count III, and Count IV, are **Dismissed with prejudice** as preempted by ERISA.

3. The Motion to Dismiss is denied in all other aspects. The alternative Motion for Final Summary Judgment is likewise denied.

4. The parties shall file, not later than March 7, 2012, a joint report regarding Plaintiff's pending appeal of the decision to deny premium waiver. The report shall identify the expected timeframe for when a decision will be reached on that appeal.

5. The Motion to Exceed Page Limit (Doc. 45) is **GRANTED**.

**ORDERED** on February 23, 2012.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**