IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

STEPHEN W. SHIPMAN,

    Plaintiff,

vs.                                CASE NO. 5:11-cv-346/RS-CJK

ROYAL AMERICAN MANAGEMENT
INC.,

    Defendants.
_____ /

## ORDER

    Before me are Defendants Royal American Management, Inc. and Peoples First Properties, Inc.'s Motion to Dismiss Complaint with Prejudice on Grounds of Mootness (Doc. 74), and Plaintiff's Response in Opposition (Doc. 81).

    The doctrine of mootness is a core element of Article III standing requirements which ensure that the judiciary resolves true cases and controversies.  An issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.  Whether a case is moot is a question of law. *Christian Coalition of Fla., Inc. v. United States*, 662 F.3d 1182, 1189-1190 (11th Cir. 2011).

    Here, Plaintiff brought this ERISA action claiming that his life insurance policy was improperly cancelled due to misinformation about the policy's premium waiver provisions.  (*See* Doc. 47, p.2).  Because ERISA contains an administrative exhaustion requirement, I stayed the case to allow Plaintiff to seek redress of his grievance through

the channels provided by the policy.  *(See Id.*; Doc. 72).  The Plaintiff began the administrative process contemporaneously with this suit. (Doc. 24, ¶22).

The administrative process has now run its course, and Defendant Principal Life Insurance Company has approved Plaintiff's life coverage disability claim.  (Doc. 74, Attach. 1).  This action has provided Plaintiff with the relief he sought.  There is no longer a live controversy concerning Plaintiff's action on the previous cancellation of the policy.

Plaintiff argues that a live issue remains concerning attorneys' fees and costs under 29 U.S.C. § 1132(g).  (*See* Doc. 81).  Attorneys' fees and costs are not recoverable for pre-litigation administrative proceedings required by ERISA. *Kahane v. UNUM Life Ins. Co. of Am.*, 563 F.3d 1210, 1214 (11th Cir. 2009).  This is true even where the process was initiated after an ERISA complaint was filed.  *Id.*  The rationale is that by requiring the exhaustion of administrative remedies, it was Congress's "desire not to create a system that is so complex that administrative costs, or litigation expenses, unduly discourage employers from offering welfare benefits plans in the first place." *Id.* (citations and quotation omitted).  I find that, as a matter of law, Plaintiff is not entitled to attorneys' fees and costs.

**IT IS ORDERED:**

1. The Motion to Dismiss (Doc. 74) is **GRANTED**. This case is **DISMISSED with prejudice** because Plaintiff is not entitled to recover attorneys' fees and costs, and the remaining issues are moot.

2. The clerk is directed to close the file.

**ORDERED** on May 1, 2012.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**